FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE  05 NOV 21  PM 3: 01
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| JACQUELINE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  05-2121-DV |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Before the court is the October 24, 2005 motion of the plaintiff, Jacqueline Henderson, for leave to amend her complaint to (1) add additional charges of discrimination referenced in her second Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination No. 250-2004-04977 and (2) correctly name Federal Express Corporation as the only proper party defendant. Defendant Federal Express Corporation ("FedEx") opposes the motion with respect to adding additional charges. For the reasons that follow, the plaintiff's motion is granted in part.

Henderson filed this action on February 11, 2005 alleging discrimination based on race and sex. Prior to filing the action, Henderson had filed two Charges of Discrimination with the EEOC. The first charge (No. 250-2004-03198) was filed on June 3, 2004 and alleged that Henderson had been denied a promotion based on her

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

18

race and sex. The second charge (No. 250-2004-04977) was filed on September 24, 2004 and alleged that Henderson's supervisor was subjecting her to a hostile work environment and that Henderson was sent home for approximately two weeks when she reported her supervisor to security and Human Resources. It also alleged that Henderson believed she was being subjected to discrimination in retaliation for filing the first EEOC charge. The second charge, however, did not specifically allege retaliation for Henderson's internal complaints about her supervisor.

The EEOC issued a "right to sue" letter with respect to the first charge on November 17, 2004. The letter stated that Henderson must file suit within 90 days of her receipt of the letter or her right to sue would be lost. Henderson timely filed this lawsuit on February 11, 2005 alleging discrimination based on race and sex.

Although the EEOC was still investigating the second charge at the time Henderson filed suit and did not issue a "right to sue" letter with respect to the second charge until April 27, 2005, Henderson's original complaint included the allegations stated in her second EEOC charge. Paragraphs 11 through 18 of the original complaint describe her supervisor's conduct and indicate that Henderson reported such conduct to two individuals and to Human Resources. In paragraphs 15, 16 and 17, Henderson describes her

2

supervisor's conduct following her complaints to management, although the dates of the incidents are not set forth. Henderson states in paragraph 17 that "it was becoming clear the true motivation behind Ms. Burn's treatment of Plaintiff," although Henderson does not specifically identify the "motivation."

Henderson now seeks to amend her original complaint to add the additional discrimination charges referenced in her second EEOC charge. Henderson's proposed amendments consist of: (1) attaching the EEOC's April 27, 2005 "right to sue" letter and adding a statement in paragraph 5 referencing the attached April 27, 2005 right to sue letter; (2) adding the statement "This action was taken against Plaintiff in retaliation of reporting Ms. Burns' actions to higher management" to both paragraphs 16 and 17; and (3) adding the word "retaliation" to the causes of action stated in parts a, b, and c of paragraph 21.

Henderson argues that the court should grant her motion to amend because the claims she seeks to add are inextricably intertwined with her first EEOC charge and her original complaint. In addition, Henderson claims that FedEx will not be prejudiced by the proposed amended complaint because it had prior notice of her claims.

FedEx argues, on the other hand, that the proposed amended complaint would be futile and would unduly prejudice FedEx. First,

3

FedEx contends that Henderson should not be permitted to add a claim of retaliation based on her internal complaints to management because that claim is not reasonably related to Henderson's complaint in the second EEOC charge, which only alleges retaliation for filing the first EEOC charge. As a result, FedEx contends that the new claim in the proposed amended complaint does not relate back to the original complaint. Second, FedEx argues that Henderson should not be permitted to amend her complaint to add the retaliation claim set forth in the second EEOC charge because the ninety day time limit for her to file suit regarding such a claim has expired. Finally, FedEx states that it does not oppose amending the complaint to name only FedEx as a defendant.

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Under Rule 15(a), the court has some discretion in allowing amendments. Factors to consider include prejudice to the opposing party, delay, and futility of amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In addition, Rule 15(c)(2) provides that an amendment of a pleading relates back to the date of the original pleading when the proposed claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2).

With respect to the proposed amendments to paragraphs 16, 17,

4

and 21 in which Henderson alleges that FedEx retaliated against her for reporting her supervisor to management, the proposed amendments appear to relate generally to Henderson's second EEOC charge, which states that Henderson's supervisor was subjecting her to a hostile work environment and that Henderson was sent home for approximately two weeks when she reported her supervisor to security and Human Resources. As discussed earlier, the proposed amendments in paragraphs 16, 17, and 21 also appear to relate to claims that were already generally set forth in the original complaint.

FedEx relies on *McGaw v. Biovail Pharmaceuticals, Inc.*, 300 F.Supp.2d 371 (N.D. Md. 2004), as authority for the proposition that the proposed amendments are not reasonably related to the second charge. The facts of the *McGaw* case, at first blush, are very similar to the facts here: McGaw proposed an amendment that alleged that Biovail retaliated against her for making complaints within the corporation, but McGaw's EEOC charge alleged that Biovail retaliated against her for filing an EEOC charge. *McGaw v. Biovail Pharmaceuticals, Inc.*, 300 F.Supp.2d 371, 373 (N.D. Md. 2004). The court in *McGaw* denied McGaw's motion to amend, holding that the proposed retaliation claims would be futile. *Id.* The court stated, "[b]ecause the only type of retaliation that McGaw alleged in her EEOC complaint was retaliation in response to her EEOC filing, her retaliation claim must be limited to charging

5

Biovail with retaliation in response to filing the EEOC complaint." *Id.* The court reasoned that "[p]ermitting a plaintiff to proceed on discrimination claims not alleged in the initial EEOC complaint would eviscerate the administrative filing requirement altogether by depriving the employer of adequate notice and resulting in a failure to investigate by the responsible agency." *Id.* (internal quotations and citations omitted).

Although *McGaw* appears to be very similar to the case presently before the court, it is distinguishable. In *McGraw*, there is no indication that the plaintiff alleged any facts alluding to the proposed amended claim in the EEOC charge, as Henderson did here. In addition, *McGaw* is only persuasive authority as it originates from the District Court of Maryland. Courts in the Sixth Circuit have held that "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005)(quoting *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)). *See also Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 832-33 (6th Cir. 1999) (reversing summary judgment in favor of the defendant where the plaintiff alleged facts to the EEOC that clearly included retaliation allegations). Because it appears to

6

this court that Henderson may have alleged sufficient facts to prompt the EEOC to investigate retaliation on the basis of Henderson's internal complaints and because Henderson timely alleged similar facts in her original complaint, the court declines to find that the proposed amendments to paragraphs 16, 17 and 21 are futile. Henderson's motion to amend is therefore granted with respect to the proposed amendments to paragraphs 16, 17 and 21.

As pointed out by FedEx, Henderson's proposed amended complaint does not specifically allege that FedEx retaliated against Henderson for filing the first EEOC charge. This allegation only appears in Henderson's second EEOC charge, and a copy of the right to sue letter issued on the second EEOC charge is attached to the proposed amended complaint. To the extent that Henderson's proposed amended complaint alleges retaliation for filing the first EEOC charge, the motion to amend should be granted. Henderson's allegation that FedEx retaliated against her for filing the first EEOC charge is clearly related to the first charge and the original complaint. *See Abeita v. TransAmerica Mailings,* Inc., 159 F.3d 246, 254 (6th Cir. 1998)("Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. Retaliation claims are generally excepted from this filing

7

requirement because they usually arise after the filing of the EEOC charge.")(citations omitted); *Strouss v. Michigan Dept. of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001)("Generally, retaliation claims based on conduct that occurs after the filing of the EEOC charge can be reasonably expected to grow out of the charge.")(citations omitted); *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999)("[R]etaliation naturally grows out of any underlying substantive discrimination charge, making a retaliation claim foreseeable to defendants . . . ."). Therefore, according to Rule 15(c)(2), Henderson's allegation that FedEx retaliated against her for filing the first EEOC charge would relate back to the date of the original complaint and would not be futile as time-barred. As a result, Henderson's motion to amend is granted with respect to attaching the EEOC's April 27, 2005 "right to sue" letter and adding a statement to that effect in paragraph 5.

Finally, with respect to amending the complaint to name FedEx as the only proper party defendant, any such amendments would be moot.[1] On August 15, 2005, the court dismissed the only other defendant in this action, Federal Express Corporate Services, Inc., pursuant to the parties' stipulation of dismissal. Henderson's

---

[1] Although Henderson states that she also seeks leave to amend to name only FedEx as a defendant, the proposed amended complaint still refers to former defendant Federal Express Corporate Services, Inc. in several places.

8

motion to amend is therefore denied as moot with respect to removing references to former defendant Federal Express Corporate Services, Inc.

Henderson is directed to file an amended complaint consistent with this order within fifteen days of the date of this order and serve it on the defendant.

IT IS SO ORDERED this 22nd day of November, 2005.

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:05-CV-02121 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Michael E. Gabel
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd.
Bldg B, 2nd Floor
Memphis, TN 38125--880

Mary Helen Beard
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Charles A. Sevier
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT